IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02523-BNB

TERANCE D. WILSON,

      Plaintiff,

v.

SGT. C. ARYS , Buena Vista Property,
C.O.'s UNKNOWN, Buena Vista Segregation,
C.S.P. SCHMUTZLER, Property Sgt.,
CSP UNNAMED SECURITY/TRANSPORTATION,
LT. HICKS, C.S.P. Property, and
LIMON UNKNOWN INTAKE/PROPERTY OFFICERS,

      Defendants.

---

## ORDER OF DISMISSAL

---

      Plaintiff, Terance D. Wilson, is in the custody of the Colorado Department of Corrections at the Colorado State Penitentiary in Cańon City, Colorado.  He has filed a Prisoner Complaint alleging a deprivation of his constitutional rights pursuant to 42 U.S.C. § 1983.  Plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

      Subsection (e)(2)(B) of § 1915 requires a court to dismiss *sua sponte* an action at any time if the action is frivolous, malicious, or seeks monetary relief against a defendant who is immune from such relief.  A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim.  *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Under § 1983, a plaintiff must allege that the defendants have violated his or her rights under the Constitution and laws of the United States while they acted under color of

state law.  *Adickes v. S. H. Kress & Co* , 398 U.S. 144, 150 (1970).  The Court will

dismiss this action as legally frivolous, for the reasons stated below.

The Court must construe the Prisoner Complaint liberally because Plaintiff is a

*pro se* litigant.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935

F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as a *pro se*

litigant's advocate.  *See Hall*, 935 F.2d at 1110.  For the reasons discussed below, the

Court will dismiss the Complaint and this action.

Plaintiff alleges that when he was transferred on three separate occasions his

property was taken in violation of his due process rights.  Plaintiff contends that under

the Federal Tort Claims Act employees of the DOC owe him a duty of care to inventory

his property and to provide him with postdeprivation relief.   Plaintiff further alleges that

he exhausted his administrative remedies and seeks money damages.

Specifically, in Claim One, Plaintiff asserts that even though C.O. Hanley would

not answer Plaintiff's kites regarding the loss of his property, when he was transferred

on either January 28 December 28, 2013 (Plaintiff refers to both dates as the first

instance when his property was lost), he was able to grieve the issue to the warden.  In

Claim Two, Plaintiff asserts that on two occasions, August 2 and November 5, 2013,

while he was housed at Buena Vista his property was lost during a transfer because

Defendants failed to inventory his property and provide to him a property receipt.

First, Plaintiff's reliance on the Federal Tort Claims Act (FTCA) is misplaced.

Claims raised pursuant to the FTCA, 28 U.S.C. § 2671, pertain to acts committed by

either federal employees or federal agencies.  The named Defendants are state

employees.

Second, the United States Constitution guarantees due process when a person

2

is deprived of life, liberty, or property. *See Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994). However, "neither negligent nor intentional deprivations of property under color of state law that are random and unauthorized give rise to a § 1983 claim where the plaintiff has an adequate state remedy . . . ." *Gillihan v. Shillinger*, 872 F.2d 935, 939 (10th Cir. 1989), *overruled on other grounds by Clark v. Wilson*, 625 F.3d 686, 691 (10th Cir. 2010); *see also Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (finding that an unauthorized intentional deprivation of property does not violate due process if an adequate postdeprivation remedy for the loss is available).

A prison grievance procedure is an adequate post deprivation remedy if the grievance procedure provides a meaningful remedy. *See Hudson*, 468 at 536 & n.15; *Williams v. Morris*, 697 F.2d 1349, 1351 (10th Cir. 1982). If an administrative remedy exists, it has a "presumption of adequate due process" that "may stave off a facial attack." *Freeman v. Dep't of Corrs.*, 949 F.2d 360, 362 (10th Cir.1991). In order to overcome the presumption of adequacy, the complaint must state "specific facts" showing that the remedy was "unresponsive or inadequate." *Id.*; *see also Durre v. Dempsey*, 869 F.2d 543, 548 (10th Cir. 1989) (affirming dismissal of plaintiff's due process deprivation of property claim, stating that "[i]n order to state a claim under § 1983, a complaint must allege facts sufficient to show deprivation, in this case the lack of an adequate state remedy"). Plaintiff does not allege facts to show that the DOC grievance procedure was unresponsive or inadequate. The fact that Plaintiff was not granted relief in the grievances he claims he filed and exhausted does not render the grievance procedure inadequate. *See Allen v. Reynolds*, 475 F. App'x 280, 283 (10th Cir. 2012).

Moreover, Plaintiff also has an adequate remedy available in state court under

state law. *See, e.g., Cooper v. Belcher*, 2010 WL 3359709, at *15 (D. Colo. Aug.25, 2010) (unpublished) (noting that "[a]dequate state remedies are not limited to the filing of grievances, but include filing complaints in state court") (internal citations omitted). Accordingly, the Court finds that Plaintiff fails to state an arguable Fourteenth Amendment due process claim against any of the Defendants.  Because Plaintiff has failed to state an arguable claim for deprivation of his constitutional rights, the Prisoner Complaint will be dismissed as legally frivolous.

Finally, this Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Plaintiff files a notice of appeal he must pay the full $505.00 appellate filing fee or file a motion to proceed in forma pauperis in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Prisoner Complaint and this action are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this __17th__ day of __September_____, 2014.

BY THE COURT:


__ s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court


4